UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    CIVIL CASE NO. 09-14363
                                             HON. AVERN COHN

            Plaintiff,
vs.

EVIE'S TAMALES, INC.,
DIANA COOLEY and
IRENE LA BRUYERE,

            Defendants.
_____/

## CONSENT JUDGMENT

Plaintiff, United States of America, by its attorney, Terrence Berg, United States Attorney for the Eastern District of Michigan, and Julia Caroff Pidgeon, Assistant United States Attorney, and the Defendants, Evie's Tamales, Inc., Diana Cooley, and Irene La Bruyere, appearing pro se, enter into this Consent Judgment in accordance with the following terms and conditions:

WHEREAS the United States of America (the "United States"), is filing a civil complaint (the "Complaint") against the defendants Evie's Tamales, Inc., Diana Cooley, President of Evies' Tamales, and Irene LaBruyere, Vice-President of Evies' Tamales (collectively, "Defendants"), under the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. §§ 601 et seq., and the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. §§ 451 et seq., for permanent injunctive relief enjoining the defendants from directly or indirectly offering for sale or selling in commerce any meat, meat food product, poultry, or poultry food product required to

1

be inspected and passed by the USDA, unless such products are so inspected and passed by the USDA.

WHEREAS, the parties desire to settle the claims to be asserted in the complaint, and,

THEREFORE, consent to the entry by the Court of the following provisions as judgment in this action:

1.	This Court has personal jurisdiction over all parties to this action and jurisdiction over the subject matter of the Complaint, to be filed with this Consent Judgment.

2.	The defendants, their successor and assigns, their agents and employees, and those persons in active concert or participation with them, whether directly or indirectly, are permanently enjoined from: (a) directly or indirectly selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, any meat, meat food product, poultry, or poultry food product required to be inspected and passed by the USDA, unless such products are so inspected and passed by the USDA; and (b) engaging in any other conduct that would violate the FMIA or the PPIA.

3.	Defendants, their successors, assigns, employees and agents shall prepare and maintain, for each product containing meat and/or poultry in any form and quantity that the defendants sell, transport, offer for sale or transportation, or receive for transportation, in commerce, records of all transactions of meat, meat products, poultry or poultry products. Such records shall include, but are not limited to the amount of each product sold to each customer, the name and address of the parties involved in each transaction, and the date of each transaction. Defendants shall maintain each record for a period of not less than three (3) years from the date

of origination of such record. These records shall be maintained at defendants' business premises.

4.     The defendants, their successor and assigns, their agents and employees, shall, at all reasonable times, afford duly authorized representatives of the USDA full access to the defendants' place of business.  Full access shall include full and unimpeded opportunity to inspect and examine the defendants' facilities, inventory and records, to copy all such records, and to take reasonable samples of inventory.  All reasonable times shall include any hours during which the defendants are doing business.

5.     In addition to the right of entry provided to the USDA in paragraph 4, authorized representatives of the USDA shall have the right to seize and destroy any and all misbranded or uninspected meat, meat products, poultry and poultry products.

6.     The defendants agree that, upon violation of any of the provisions of this Consent Judgment, the defendants shall be immediately jointly and severally liable to the United States for each item of uninspected and/or misbranded meats, meat product, poultry or poultry products sold, transported, offered for sale or transport, or received for transportation, in commerce, as follows:

(a) the sum of $500.00 per pound or package, whichever is greater, for the first violation; and

(B) the sum of $1,000.00 per pound or package, whichever is greater, for the second and any subsequent violation.

7.     The defendants shall pay to the United States the sum of $1,906.00, representing

investigative costs incurred in connection with the investigation of this matter. This amount shall constitute a debt due and owing upon entry of this Consent Judgment by the Court and is to be discharged by payment to the United States within thirty (30) days of the entry of this Decree. The defendants shall make such payment pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of Michigan.

8. Should enforcement proceedings beyond this Consent Judgment be necessary, the United States shall recover from the defendants the court costs and expenses incurred by the DOJ and USDA in such proceedings, including the investigative and preparation time at the rate of $40.00 per hour.

9. The defendants are currently operating a restaurant. Operations that are traditionally and usually conducted at retail stores and restaurants are exempt from the provisions of the FMIA and PPIA that require inspection. See 12 U.S.C. §§454(c)(2) and 661(c)(2) and 9 C.F.R. §§ 303.1 *et seq.* and 381.10 *et seq.* Following a third violation of this Consent Judgment, the United States Department of Agriculture may summarily terminate and revoke Evie's Tamales, Inc.'s exempt status.

10. This Consent Judgment does not limit any rights or remedies available to the United States for any violation of the FMIA or PPIA, and associated regulations, including any rights or remedies available to the United States for any criminal violations.

11. This Court retains jurisdiction to issue further orders as may be necessary to construe, carry out, modify, or enforce compliance with this Consent Judgment, and should the defendants fail to abide by and perform all the terms and conditions of this Consent Judgment or

such further order as may be entered in this action, the United State shall apply only to this Court for relief, and any alleged violation of this Consent Judgment shall be adjudicated by this Court.


Dated: November 09, 2009             s/Avern Cohn
                                     UNITED STATES DISTRICT JUDGE

Signatures on following page:

Approved by:

Date: 10-29-09

*Evie's Tamales Inc.*
EVIE'S TAMALES, INC.
by: Irene La Bruyere

Date: October 29, 2009

*Irene La Bruyere*
IRENE LA BRUYERE

Date: 10-29-09

*Diana Cooley*
DIANA COOLEY

Date: November 5, 2009

TERRENCE BERG
United States Attorney

JULIA CAROFF PIDGEON
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9772
Penna. Lic. No. 37949

Notarized by:

*Cynthia A Duda*

CYNTHIA A DUDA
Notary Public - Michigan
Wayne County
My Commission Expires Dec 1, 2011
Acting in the County of Wayne

6